UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────────x

JAMES DINOLA,

       Plaintiff,

 -against-                                      21 Civ. 4281 (CM)

THE HARTFORD LIFE INSURANCE
COMPANY,

       Defendant.

──────────────────────────────────────────x

## DECISION AND ORDER DENYING PLAINTIFF'S
## MOTION FOR EXTRA-RECORD DISCOVERY

McMahon, J.:

      Plaintiff in this ERISA administrative review – which is presumptively to be conducted on the basis of the administrative record only – asked this court for permission to make a motion for discovery that would allegedly establish administrative bias/conflict of interest, thereby entitling him to *de novo*, rather than deferential, judicial review. The court allows Plaintiff to move for permission to take "limited" discovery. Plaintiff's proposed discovery, as reflected in his motion, is anything but limited, and would constitute an obvious fishing expedition. For that reason alone, his motion for extra-record discovery is denied; there is no reason for this court to engage in some sort of pruning exercise.

      Additionally, the court is persuaded by, and adopts, the reasoning set forth in Defendant's memorandum of law in opposition to Plaintiff's motion for discovery for additional reasons why the motion for extra-record discovery should be denied. Citing to discovery taken in a care against Hartford that was brought in 2009 is not evidence of a "culture of bias" in 2020. The use of surveillance is not evidence of a "culture of bias," either; whether the videos of Plaintiff engaging in various activities constitutes "substantial evidence" is a question to be answered when deciding the cross-motions for summary judgment. The alleged failure of the reviewing physician to watch the surveillance videos also goes to whether there was "substantial evidence" rather than whether there was a so-called *Glenn* conflict of interest. There is no support in this Circuit for the argument that providing a third-party vendor with prior reports assessing Plaintiff's condition constitutes a "procedural irregularity" or is otherwise improper. Efforts made in 2012 (by Hartford's predecessor in interest) and against in 2016 to compromise Plaintiff's claim do not suggest a biased review of the evidence in 2020. And as this court has held on many occasions, the fact that the Social Security Administration has approved the plaintiff for SSI disability benefits under an

entirely different standard is not relevant to the issue of conflict of interest or substantiality of evidence.

Yes, The Hartford has a financial interest in the outcome of this case; it has to pay the benefits as well as review the claim. But it is well settled that this particular "conflict" does not automatically give rise to a co-called *Glenn* conflict of interest, see *Metropolitan Life Ins. Co. v. Glenn,* 554 U.S. 105, 124 (2008). Neither does it entitle Plaintiff to extra-record discovery in the absence of some showing, on specific factual allegations, that there is a reasonable chance that the requested discovery will satisfy the good cause requirement. *Capretta v. Prudential Ins. Co. of America,* 2017 WL 4012058 at ** 6-7 (S.D.N.Y. August 28, 2017). Arguments identical to those made here by Plaintiff are made in virtually every ERISA benefits review case this court see, in an effort to justify discovery beyond the administrative record. These are all the standard arguments. If the plaintiff had some evidence that would justify *Glenn*-type discovery, he should have made the sort of narrow and targeted discovery requests that the court anticipated when it allowed him to make the motion. Instead, he asks for the moon – which indicates that he simply hopes to prolong this procedure in the hope of finding something that would justify a *Glenn* finding. This the court will not allow.

The parties should brief the cross motions for summary judgment, limited to the administrative record, on the following schedule;

        Plaintiff's Brief in Support of His Motion: January 22
        Defendant's Brief in Opposition and in Support of Cross Motion: February 12
        Plaintiff's Reply Brief and Opposition to Cross Motion: February 26
        Defendant's Reply Brief: March 12

Dated: December 28, 2021

_____
U.S.D.J.

BY ECF TO ALL COUNSEL